UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.   08 CR 134 |
| v. | ) | |
| | ) | |
| PAUL NOEL | ) | Acting Chief Judge Ruben Castillo |

**GOVERNMENT'S UNOPPOSED MOTION FOR AN EXTENSION OF TIME
TO RETURN INDICTMENT OR TO FILE AN INFORMATION**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully moves this Court, pursuant to 18 U.S.C. § 3161(h)(8)(A) and (B), for a 61-day extension of time, to and including May 15, 2008, in which to seek the return of an indictment or file an information against the defendant Paul NOEL, for the following reasons:

1. On February 15, 2008, a criminal complaint was filed against NOEL, charging him with traveling in interstate commerce, namely from Philadelphia, Pennsylvania to Chicago, Illinois, with intent to distribute the proceeds of, and otherwise promote, manage, establish, carry on, and facilitate promotion, management, establishment and carrying on of, an unlawful activity, namely narcotics or controlled substance distribution, all in violation of Title 18, United States Code, Section 1952(a)(1), (3).

2. An initial appearance was held before Magistrate Judge Maria Valdez on February 15, 2008. A bond hearing was held on February 19, 2008. NOEL was released on bond conditioned on, among other things, his home detention at his residence in California and electronic monitoring.

3. The government is conducting an investigation into this case, but certain factors have led to the government's request for an extension. One of the factors is that the undersigned Assistant

United States Attorney will be out of town at a training from March 3 to March 13, 2008, and March 13, 2008 is the last day that the Grand Jury meets before end of the 30-day period for indictment under the Speedy Trial Act. As a result, the government would have to file an indictment or information no later than February 28, 2008, leaving only two weeks for further investigation. The additional factors leading to this request by the government are stated in the Attachment hereto, which the government respectfully requests be placed under seal. The government is requesting that the Attachment be sealed so as not to compromise its ongoing investigation and so as not to reveal matters occurring before the Grand Jury.

4. Given the reasons stated in this motion and the government's sealed Attachment, the thirty days available to the government pursuant to Title 18, United States Code, Section 3161(b) in which to file an indictment or information against a defendant based on his arrest will not be sufficient. The United States estimates that a 61-day extension from the current expiration date of March 15, 2008, to and including May 15, 2008, will be sufficient time within which to return an indictment or information in this matter.

5. The Speedy Trial Act permits the extension of time to return an indictment "upon the request of the attorney for the government if the Court finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Among the non-exclusive factors a court may consider are:

    a. Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice. 18 U.S.C. § 3161(h)(8)(B)(i);

b. Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex. 18 U.S.C. § 3161 (h)(8)(B)(iii); and

c. Whether the failure to grant such a continuance in a case, which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. §3161(h)(8)(B)(iv).

6. The government respectfully submits that the 61-day continuance is warranted in this case pursuant to the forgoing provisions. The government has been conducting a diligent and thorough investigation in this case, but the additional factors warranting an extension of time (as cited above and in the government's Attachment) exist. The government cannot complete its investigation and make a proper charging decision within the time allowed under Section 3161(b) of the Speedy Trial Act.

7. Counsel for the government has spoken with NOEL's attorney, Helen Kim, who stated she has no objection to this extension of time for the filing of an information or indictment.

WHEREFORE, the United States respectfully requests a 61-day extension of time from March 15, 2008 to and including May 15, 2008 in which to seek an indictment in this case.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney


    By:  /s Halley B. Guren
        Halley B. Guren
        Assistant United States Attorney
        United States Attorney's Office
        219 South Dearborn Street
        Chicago, Illinois  60604
        (312) 353-5300

Dated: February 25, 2008

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

**GOVERNMENT'S UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO RETURN INDICTMENT OR FILE INFORMATION PURSUANT TO 18 U.S.C. § 3161(h)**

was served on February 25, 2008, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

/s/ Halley B. Guren
Halley B. Guren
Assistant United States Attorney
Suite 500
219 South Dearborn Street
Chicago, Illinois
(312) 353-5300