UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.   08 CR 134 |
| v. | ) | |
| | ) | |
| PAUL NOEL | ) | Chief Judge James F. Holderman |

**GOVERNMENT'S UNOPPOSED MOTION FOR A SECOND EXTENSION OF TIME
TO RETURN INDICTMENT OR TO FILE AN INFORMATION**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully moves this Court, pursuant to 18 U.S.C. § 3161(h)(8)(A) and (B), for a second extension of time of 30 days, to and including June 14, 2008, in which to seek the return of an indictment or file an information against the defendant Paul NOEL, for the following reasons:

1. On February 15, 2008, a criminal complaint was filed against NOEL, charging him with traveling in interstate commerce, namely from Philadelphia, Pennsylvania to Chicago, Illinois, with intent to distribute the proceeds of, and otherwise promote, manage, establish, carry on, and facilitate promotion, management, establishment and carrying on of, an unlawful activity, namely narcotics or controlled substance distribution, all in violation of Title 18, United States Code, Section 1952(a)(1), (3).

2. An initial appearance was held before Magistrate Judge Maria Valdez on February 15, 2008. A bond hearing was held on February 19, 2008. NOEL was released on bond conditioned on, among other things, his home detention at his residence in California and electronic monitoring.

3. On February 25, 2008, Acting Chief Judge Ruben Castillo granted a 61-day extension of time for the government to seek a return of an indictment or to file an information against NOEL.

  4. The government is conducting an investigation into this case, but certain factors have led to the government's request for a second extension. These factors leading to this request by the government are stated in the Attachment hereto, which the government respectfully requests be placed under seal. The government is requesting that the Attachment be sealed so as not to compromise its ongoing investigation and so as not to reveal matters occurring before the Grand Jury.

  4. Given the reasons stated in the government's sealed Attachment, the 30 days available to the government pursuant to Title 18, United States Code, Section 3161(b) in which to file an indictment or information against a defendant based on his arrest and the additional grant of the previous 61-day extension will not be sufficient. The United States estimates that an additional 30-day extension from the current expiration date of May 15, 2008, to and including June 14, 2008, will be sufficient time within which to return an indictment or information in this matter.

  5. The Speedy Trial Act permits the extension of time to return an indictment "upon the request of the attorney for the government if the Court finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Among the non-exclusive factors a court may consider are:

    a. Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice. 18 U.S.C. § 3161(h)(8)(B)(i);

    b. Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts

upon which the grand jury must base its determination are unusual or complex. 18 U.S.C. § 3161(h)(8)(B)(iii); and

      c.    Whether the failure to grant such a continuance in a case, which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. §3161(h)(8)(B)(iv).

6.    The government respectfully submits that the 30-day continuance is warranted in this case pursuant to the forgoing provisions. The government has been conducting a diligent and thorough investigation in this case, but the additional factors warranting an extension of time (as cited above and in the government's Attachment) exist. The government cannot complete its investigation and make a proper charging decision within the time allowed under Section 3161(b) of the Speedy Trial Act.

7.    Counsel for the government has spoken with NOEL's attorney, Helen Kim, who stated she has no objection to this second extension of time for the filing of an information or indictment.

WHEREFORE, the United States respectfully requests a 30-day extension of time from May 15, 2008 to and including June 14, 2008 in which to seek an indictment in this case.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney


By:   /s Halley B. Guren
      Halley B. Guren
      Assistant United States Attorney
      United States Attorney's Office
      219 South Dearborn Street
      Chicago, Illinois 60604
      (312) 353-5300

Dated: May 5, 2008

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

**GOVERNMENT'S UNOPPOSED MOTION FOR A SECOND EXTENSION OF TIME TO RETURN INDICTMENT OR FILE INFORMATION PURSUANT TO 18 U.S.C. § 3161(h)**

was served on May 5, 2008, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

/s/ Halley B. Guren
Halley B. Guren
Assistant United States Attorney
Suite 500
219 South Dearborn Street
Chicago, Illinois
(312) 353-5300